### EDITH GOTHER KEENEY
vs.
### NORWOOD HENRY KEENEY

Superior Court      Hartford County      File #49082

Present: Hon. FRANK P. McEVOY, Judge.

A. Storrs Campbell,      Attorney for the Plaintiff.

Gross, Hyde & Williams;
Frederick J. Rundbaken,      Attorneys for the Defendant.

## MEMORANDUM FILED MAY 25, 1937.

McEVOY, J.   On January 29, 1935, in an action then pending in this Court, a decree of divorce was entered in favor of the plaintiff against the defendant.

As a part of that decree an order was passed by this Court on that date, that the defendant pay to the plaintiff seven (7) dollars per week toward the support of the minor child of the plaintiff and the defendant.

At the time that that order was passed it was stated by the Court that, as time went on, if the necessities of the case warranted such action that the Court would entertain a proper motion for an increase in the allowance for the support of the minor child.

In consequence of the order then passed and by reason of the changed situation now claimed to be existing the plaintiff has filed a motion that an order be passed increasing the amount of the allowance for the support of the minor child from seven dollars a week to twelve dollars per week.

Upon evidence offered in support of this motion the testimony shows that it is essential and in order that the allowance paid by the defendant to the plaintiff for the support of the minor child should be increased.

The defendant attempts to meet this claim by setting up facts in two different situations.

The first is that a relative of the minor child has been good enough to leave a small trust fund for the future benefit of the child and also that the minor child, by his own industry and exertion has also accumulated a small fund.

This joint suggestion may be readily disposed of by the

simple statement that the burden of support rests upon the father and that, if others than the father are industrious enough to attempt to provide for the support or education of the minor child, that industry and forethought does not relieve the father either of his common-law or statutory duties of support.

The second reason advanced is that the father has remarried since the decree of divorce was entered against him and that, due to the remarriage, he has incurred additional and other expense.

This argument seems to be based upon a generally prevalent—but nevertheless legally erroneous idea—that the voluntary assumption of a secondary obligation automatically relieves or discharges a primary obligation also voluntarily incurred.

The mere assertion of such claim ought to suggest that it is its own refutation.

Upon the evidence offered by the plaintiff and the defendant at the hearing upon this motion it is found that the situation surrounding the care of the minor and the circumstances of the defendant are such that the allowance ought to be increased to twelve (12) dollars a week.

An order may be entered that the defendant pay to the plaintiff the sum of twelve (12) dollars per week for the support of the minor child.